1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   BRUCE H. SEARBY (SBN 183267)
4  Assistant United States Attorney
   Public Corruption & Civil Rights Section
5  United States Department of Justice
        1300 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone:   (213) 894-5423
        Facsimile:   (213) 894-6436
8       bruce.searby@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10
                    UNITED STATES DISTRICT COURT

11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12
   UNITED STATES OF AMERICA,        )  CR No. 04-820(A)-DSF
13                                   )
                        Plaintiff,   )  GOVERNMENT'S REPLY MEMORANDUM IN
14                                   )  SUPPORT OF DECLARATION OF BREACH
                   v.                )  OF PLEA AGREEMENTS BY DEFENDANTS
15                                   )  AND MOTION FOR FINDINGS OF BREACH
   OLEG REITBLAT,                    )  BY THIS COURT; SUPPLEMENTAL
16  SOPHIE VOLOVNIK, and             )  DECLARATION OF DARRELL TWEDT;
   WEBTRANSCRIBERS,                  )  EXHIBITS
17  a California Corporation,        )
                                     )  Hearing Date: 6/6/2011
18                      Defendants.  )  Hearing Time: 8:30 a.m.
                                     )
19                                   )  [UNOPPOSED EX PARTE APPLICATION
                                     )  AND [PROPOSED] ORDER FOR LEAVE TO
20                                   )  LATE-FILE SUBMITTED CONCURRENTLY]
                                     )
21

22       Plaintiff United States of America, through its counsel of

23  record, the United States Attorney's Office for the Central

24  District of California, hereby files its reply to Defendants'

25  Opposition to Government's Motion for Breach of Plea Agreements,

26  which defendants filed on May 27, 2011.

27       This reply is late-filed (it was due on Memorial Day, May

28  30, 2011), and the government seeks leave to late file in a

1  concurrently-submitted, unopposed _ex parte_ application.

2      This reply is based upon the attached memorandum of points

3  and authorities, the declaration of Darrell Twedt, the attached

4  exhibits, all the files and records of this case, and such other

5  evidence as the Court may admit at the time for hearing of this

6  motion.

7  DATED: June 2, 2011            Respectfully submitted,

8                                 ANDRÉ BIROTTE JR.
                                   United States Attorney
9
                                   ROBERT E. DUGDALE
10                                 Assistant United States Attorney
                                   Chief, Criminal Division
11

12                                 _____/s/_____
                                   BRUCE H. SEARBY
13                                 Assistant United States Attorney

14                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY MEMORANDUM**

**I.**

**INTRODUCTION**

In their opposition to the government's motion for finding of breach of their plea agreements ("Defs. Opp."), defendants OLEG REITBLAT, SOPHIE VOLOVNIK, and WEBTRANSCRIBERS, a California Corporation, tacitly concede that their plea agreement required them to cease their involvement in medical-related business activities that led to their convictions and to the possibility of charges for still other offenses. Their response to the government's allegation that they were nonetheless running the medical transcription business Typeworks, purportedly owned by their daughter, Rita Zass, is to deny involvement with Typeworks, except for the most incidental of contacts.

The Court should see through these denials of two driven business owners who were unwilling to stop the business they built, and instead have secretly carried it on using their daughter as a front. Defendants' factual presentation, which does not include any statements by defendants REITBLAT and VOLOVNIK themselves, has glaring holes and contradictions in it, as discussed below. Moreover, defendants' claim not to have been involved regularly with Typeworks and its interpreting physicians is refuted by toll records the government has now received for defendants REITBLAT and VOLOVNIK. The extensive telephone calls between defendants, on the one hand, and Typeworks and these physicians, on the other hand, are summarized in the case agent's

1

supplemental declaration, attached hereto.  Finally, defendants

dismiss as "hearsay" the statements Dr. Chespak, who tells of a

business relationship with Typeworks principally through

defendant REITBLAT.  This went on for years until its discovery

by the government in August 2010, causing Dr. Chespak to inform

defendant REITBLAT that he was terminating his work, which sent

defendant REITBLAT into a "panic; saying [Dr. Chespak] should

have given him more notice and that [Dr. Chespak] was leaving him

out in the cold."  (Gov. Mot. Exh. A).  The government has

subpoenaed Dr. Chespak to testify at the hearing in this matter.

Based on the new evidence in reply to defendants'

opposition, that previously offered by the government in its

moving papers, and such testimony as the Court may hear, the

Court should find that defendants breached their plea agreements.

## II.

### SUPPLEMENTAL STATEMENT OF FACTS

As set forth in the attached Declaration of Darrell K. Twedt

("Supp. Twedt Decl."), the FBI special agent ("SA") assigned to

the instant case, telephone toll records further establish the

heavy involvement of defendants REITBLAT and VOLOVNIK with the

daily business of Typeworks and its interpreting physicians

referenced in the government's moving papers.

SA Twedt reviewed toll records of calls for the telephone

number 818-943-9776, which belongs to "Sophie Volovnik,"

according to ATT's subscriber information record and the business

card for defendant VOLOVNIK exhibited by defendants.  (Supp.

2

1    Twedt Decl. ¶ 2; Exhibit C, attached hereto; Defs. Opp. Exh. 2).
2    For the period from July 2008 to August 2010, SA Twedt found
3    approximately 435 calls from Typeworks' number, 818-781-5377
4    (Defs. Opp. Exh. 2), to defendant VOLOVNIK's number, 818-943-
5    9776, occurring at all times during regular business hours and
6    sometimes lasting several minutes. (Supp. Twedt Decl. ¶ 3;
7    Exhibit D, attached hereto).  During the same time period, there
8    were approximately 601 calls from defendant VOLOVNIK's number to
9    the Typeworks number. (Supp. Twedt Decl. ¶ 4; Exhibit D,
10   attached hereto).  From July 2008 to March 2010, defendant
11   VOLOVNIK also had approximately 36 calls to or from Dr. Chespak
12   at 818-400-7785.  (Supp. Twedt Decl. ¶ 5; Exhibit E, attached
13   hereto).[1]

14        SA Twedt also reviewed toll records of calls for the
15   telephone number 213-505-2280, which is the number defendant
16   REITBLAT had previously given to SA Twedt as his own.  (Supp.
17   Twedt Decl. ¶ 6).  For the 16-day period between August 2, 2010
18   and August 17, 2010 (when the FBI began interviewing the
19   interpreting physicians), SA Twedt found approximately 60 calls
20   back and forth between defendant REITBLAT's and Typeworks'
21   number.  (Supp. Twedt Decl. ¶ 7; Exhibit F, attached hereto).  SA
22   Twedt found a similar calling pattern going at least as far back
23   as January 2010.  (Supp. Twedt Decl. ¶ 7).  For the period
24   December 2009 through August 2010, defendant REITBLAT also had

25

26   _____

27        [1]    SA Twedt did not find any calls with Dr. Heric at 310-
     413-6409.  (Twedt Supp. Decl. ¶ 5).

28                                    3

1   approximately 29 calls back and forth with Dr. Chespak.   (Supp.

2   Twedt Decl. ¶ 8; Exhibit G, attached hereto).   For the period

3   December 2009 through November 2010, defendant REITBLAT had

4   approximately 22 calls back and forth with Dr. Heric.   (Supp.

5   Twedt Decl. ¶ 9; Exhibit H, attached hereto).

6                                  III.

7                              DISCUSSION

8   A.   Toll Records Belie Defendants' Claimed Non-Involvement

9        In various ways, these toll records belie defendants' claims

10  in their opposition brief that they were not involved heavily in

11  Typeworks' business, including its relations with Dr. Heric (a

12  convicted felon) and Dr. Chespak.

13       First, the agent's toll analysis shows there was a heavy and

14  continuous volume of calls during the business day between

15  Typeworks' number and both defendants REITBLAT's and VOLVONIK's

16  numbers.   Defendants attempt to explain why Typeworks' secretary

17  might on occasion have needed to call defendants' cellphone

18  numbers to reach Rita Zass.   However, it is simply not credible

19  that, as the bona fide owner of a business, Zass had to depend on

20  communicating with her business through her parents at home

21  during business hours, daily or multiple times daily, for years.

22       Defendants REITBLAT and VOLVONIK each spoke by phone with

23  Dr. Chespak every two to three weeks on average, according to the

24  toll analysis.   This cannot be reconciled with defendants' claim

25  that they did not discuss Typeworks business with Dr. Chespak,

26  including the unsupported assertion: "Although they did work

27

28                                   4

1 together and speak previously regarding Webtranscribers [which

2 defendants claim closed in late 2006], Mr. Reitblat has never

3 called Chespak regarding Typeworks." (Defs. Opp., at 3).   In

4 fact, defendant REITBLAT called Dr. Chespak's number 19 times

5 spread over the 9-month period that SA Twedt analyzed,

6 corroborating Dr. Chespak's statements that he dealt with

7 defendant REITBLAT in connection with Typeworks.

8     Defendant REITBLAT also conversed with Dr. Heric

9 approximately every two weeks during business hours.  Defendant

10 REITBLAT does not claim there was other business, or a strong

11 social bond, between the two men that explained all these calls.

12 Nor does Rita Zass supply an explanation for defendant REITBLAT,

13 such as by saying that she made the calls from his phone.  To the

14 contrary, Zass told the defense investigator that the

15 receptionist for Typeworks, Diana, "is the person that talks to

16 [Dr. Heric] on the phone."  (Defs. Opp. Exh. 1, at 5).

17 B.   Defendants Story About Typeworks' Origin Is Not Credible

18     Defendants' opposition lacks any credible and coherent

19 narrative of how their daughter, Zass, wound up running a

20 business just like the defunct Webtranscribers -- but without

21 their significant involvement.  Indeed, evidence they have

22 submitted to the Court contradicts their argument.

23     Defendants claim they received no financial benefit from

24 Typeworks, and were not involved in its set-up in any way beyond

25 defendant VOLOVNIK registering the phone lines in her name and

26 briefly answering phones.  The defense investigator relates

27

28                                 5

statements by Zass that she began Typeworks using her knowledge of her parents' business, Webtranscribers, but that her parents were never involved in Typeworks.  Zass provided nothing beyond these vague statements to explain how she managed to obtain the interpreting physicians' services, the transcription operations in India, the personnel in the United States, or the computing and communications equipment to run Typeworks.

Buried in his report, the defense investigator quotes Dr. Heric as stating:

> Oleg and his wife sold the business to a woman that he only knows as "Mrs. Cass", who now runs the business. When asked if "Mrs. Cass" could actually be a person named Rita Zass, Dr. Heric stated, "That's it. She's the one".

(Defs. Opp. Exh. 2, at 2).

If defendants "sold" their business to their daughter, it would still contradict their claim of non-involvement in, and no benefit from, Typeworks repeated throughout their opposition brief.  Such a purported sale also would be inconsistent with their plea agreements unless it received the approval of the United States Probation Officer, which defendants did not claim took place.  Finally, this sale should have been disclosed to the government during the parties' discussions over the past several months about the corporate and financial status of defendant WEBTRANSCRIBERS -- but there was no disclosure.[2]

---

[2]    Defendants have still not provided any explanation to then government of what happened to the office equipment worth over $106,000 at the time of purchase that was listed on the depreciation schedule of defendant WEBTRANSCRIBERS' 2006 tax return.  (Gov. Mot. Exh. 2, at 20).

6

The following inferences must be drawn from these facts:

- Defendants effectively re-incorporated their pre-existing transcription business, which was served by interpreting physicians including Dr. Heric and Dr. Chespak and by transcribers based in India, and which was extensively equipped and staffed here in Los Angeles.

- Defendants put the new entity taking over the old assets and operations into the name of their daughter, who serves as their front and who has unconvincingly attempted to cover for them in the opposition to the government's instant motion.

The breach of the plea agreements that this conduct constitutes, plus the dishonesty of the defendants in now denying the breach, are compelling reasons for this Court to find a breach and thereby to free the government from its obligations to recommend lenient sentences.

### IV.

### CONCLUSION

For the foregoing reasons, the government respectfully moves the Court to find that defendants have breached their plea agreements.

DATED: June 2, 2011                    Respectfully submitted,

                                       ANDRÉ BIROTTE JR.
                                       United States Attorney

                                       ROBERT E. DUGDALE
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                       _____/s/_____
                                       BRUCE H. SEARBY
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

7

## SUPPLEMENTAL DECLARATION OF DARREL K. TWEDT

I, Darrell K. Twedt, hereby declare the following to be true
and correct:

1.   I am a Special Agent ("SA") with the Federal Bureau of
Investigation ("FBI") assigned to the Los Angeles Field Office
and have been employed in this position since February 2005, and
I am the case agent assigned to this case.  This declaration is
filed in support of the GOVERNMENT'S REPLY MEMORANDUM IN SUPPORT
OF DECLARATION OF BREACH OF PLEA AGREEMENTS BY DEFENDANTS OLEG
REITBLAT AND SOPHIE VOLOVNIK AND MOTION FOR FINDINGS OF BREACH BY
THIS COURT.  This declaration does not purport to set forth all
the information known to me about this investigation.

2.   I have received in the last week telephone toll records
that further establish the heavy involvement of defendants
REITBLAT and VOLOVNIK with the daily business of Typeworks and
its interpreting physicians referenced in the government's moving
papers.   I reviewed toll records of calls for the telephone
number 818-943-9776, which belongs to "Sophie Volovnik,"
according to ATT's subscriber information record, attached hereto
as Exhibit C.

3.   For the period from July 2008 to August 2010, I found
approximately 435 calls from Typeworks' number, 818-781-5377 to
defendant VOLOVNIK's number, 818-943-9776, occurring at all times
during regular business hours and sometimes lasting several
minutes.   Exhibit D, attached hereto, is a spreadsheet of these

calls that I compiled from the toll records.  During the same time period, there were approximately 601 calls from defendant VOLOVNIK's number to the Typeworks number.   These are also compiled in Exhibit D.

4.   I found that, from July 2008 to March 2010, defendant VOLOVNIK also had approximately 36 calls to or from Dr. Chespak at 818-400-7785, listed on the spreadsheet attached hereto as Exhibit E.

5.   I did not find any calls with Dr. Heric at 310-413-6409.

6.   I also reviewed toll records of calls for the telephone number 213-505-2280, which is the number defendant REITBLAT has given to me as his own.

7.   For the 16-day period between August 2, 2010 and August 17, 2010 (when the FBI began interviewing the interpreting physicians), I found approximately 60 calls back and forth between defendant REITBLAT's and Typeworks' number, listed on Exhibit F attached hereto.  I found a similar calling pattern going at least as far back as January 2010.

8.   For the period December 2009 through August 2010, defendant REITBLAT also had approximately 29 calls back and forth with Dr. Chespak, listed on a spreadsheet attached hereto as Exhibit G.  For the period December 2009 through November 2010, defendant REITBLAT had approximately 22 calls back and forth with Dr. Heric, listed on a spreadsheet attached hereto as Exhibit H.

2

The foregoing is sworn under the penalty of perjury pursuant to federal law this 2nd day of June, 2011, in Los Angeles, California.

Darrell K. Twedt